# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ALIKA SEAY,<br>              Appellant, | DOCKET NUMBER<br>AT-0752-19-0147-X-1 |
|        v. | |
| UNITED STATES POSTAL SERVICE,<br>              Agency. | DATE: May 23, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alika Seay, Quitman, Georgia, pro se.

James M. Reed, Esquire, Clearwater, Florida, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## FINAL ORDER

¶1       On January 23, 2020, the administrative judge issued a compliance initial decision granting the appellant's petition for enforcement and finding the agency

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

in partial noncompliance with an August 13, 2019 initial decision reversing the appellant's removal. *Seay v. U.S. Postal Service*, MSPB Docket No. AT-0752-19-0147-C-1, Compliance File (CF), Tab 5, Compliance Initial Decision (CID); *Seay v. U.S. Postal Service*, MSPB Docket No. AT-0752-19-0147-I-1, Initial Appeal File (IAF), Tab 43, Initial Decision (ID).[3] For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2      Effective November 7, 2018, the agency removed the appellant from her Part-Time Flexible Clerk position at the Quitman, Georgia Post Office. IAF, Tab 5 at 4, 13, 58-62. The appellant appealed her removal to the Board. IAF, Tab 1. In the August 13, 2019 initial decision, the administrative judge reversed the removal and ordered the agency to reinstate the appellant with back pay and benefits. ID at 7-10, 12-13. When neither party filed a petition for review by September 17, 2019, the initial decision became the final decision of the Board. ID at 15; *see* 5 C.F.R. § 1201.113.

¶3      On November 8, 2019, the appellant petitioned for enforcement of the initial decision.[4] CF, Tab 1. In the January 23, 2020 compliance initial decision, the administrative judge found that the agency was in partial noncompliance with the initial decision to the extent that it had not paid the appellant back pay for the period from May 23 through August 20, 2019. CID at 4. Accordingly, she granted the appellant's petition for enforcement and ordered the agency to pay her back pay for that period with interest and to adjust her benefits with appropriate

---

[3] The August 13, 2019 initial decision also addressed the appellant's constructive suspension appeal in *Seay v. U.S. Postal Service*, MSPB Docket No. AT-0752-19-0398-I-1.

[4] On March 6, 2020, the appellant filed a second petition for enforcement, which the administrative judge denied in a June 22, 2020 compliance initial decision. *Seay v. U.S. Postal Service*, MSPB Docket No. AT-0752-19-0147-C-2, Compliance File, Tabs 1, 6.

credits and deductions. CID at 4-5. Neither party filed any submission with the Clerk of the Board within the applicable time limits, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance pursuant to 5 C.F.R. § 1201.183(b)-(c). *Seay v. U.S. Postal Service*, MSPB Docket No. AT-0752-19-0147-X-1, Compliance Referral File (CRF), Tab 1.

¶4      In a February 28, 2020 acknowledgment order, the Office of the Clerk of the Board directed the agency to submit evidence showing that it had complied with all actions identified in the compliance initial decision. CRF Tab 1 at 3. The Clerk's Office informed the appellant that she had the right to respond to the agency's submission and that, if she did not respond, the Board might assume she was satisfied and dismiss her petition for enforcement. *Id.* On March 9, 2020, the agency notified the Board that it had taken all actions required by the initial decision. CRF, Tab 2 at 4. In support, the agency provided a Back Pay Decision/Settlement Worksheet signed by the appellant on March 1, 2020, and by the agency official on March 5, 2020, reflecting that the agency would process back pay and benefits to the appellant for the period from May 23 through August 20, 2019. *Id.* at 5-11. In a response dated March 20, 2020, the appellant alleged that the agency had failed to comply with the administrative judge's order "to issue a statement after every obligation was met." CRF, Tab 3 at 1. The remainder of her response pertained to her personal health issues and new problems with the agency following her return to work in late 2019, including alleged harassment, retaliation, denial of leave, and issues with pay. *Id.* at 2-6.

¶5      When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order

by a preponderance of the evidence.[5] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id*.

¶6      As described above, the administrative judge found that the agency was in partial noncompliance with the initial decision to the extent it had not paid the appellant back pay for the period from May 23 through August 20, 2019. CID at 4. The agency has now submitted evidence indicating that the appellant has been paid appropriate back pay and benefits for this period. CRF, Tab 2. The appellant has not challenged the agency's evidence of compliance with its obligation to provide her back pay and benefits, and the Board therefore assumes she is satisfied. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009). Regarding the appellant's claim that the agency failed to comply with the administrative judge's order to submit a statement after "every obligation was met," the agency was under no such obligation. *See* CID at 4-5. Finally, the appellant's allegations concerning problems with the agency arising after her return to work in late 2019 are unrelated to the agency's compliance with the relief ordered in the compliance initial decision and provide no basis to find noncompliance.

¶7      In light of the foregoing, we find that the agency is now in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

---

[5] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.



FOR THE BOARD:             /s/ for
                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.